Case number 22-8219. Tommy Ho, a balance versus Merrick v. Garland in his official capacity as Attorney General of the United States. Mr. Ali, amicus curiae for the balance. Mr. Walker for the appellate. Good morning Mr. Ali, whenever you're ready. Thank you. Good morning and may it please the court, Muhammad Mujtaba Ali on behalf of amicus appointed by the court. The complaint in this case was sufficient to overcome the minimal hurdle of a motion to dismiss because it plausibly alleged adequate facts to state the claim for relief based on retaliation under Title VII. Do you agree we assess the complaint under Twombly Act law? We do agree, your honor. We think the district court got the standard right. Plaintiffs have to allege more than labels and conclusions to survive. I question whether there are sufficient facts to support, facts alleged, to support a plausible inference of causation. Correct. Okay. And contrary to the district court's ruling in this case, the allegations did support such a plausible inference that Mr. Ho's prior EEO complaints in 2015, 2017, and 2018 were causally linked to his non-selection. Mr. Ho alleged that three of the same individuals who he had named as responsible management officials in those prior complaints were then later involved in his non-selection. And that includes Mr. McDermott, who, as the complaint alleges, was not officially part of the selecting group of officials, but interjected into that hiring decision to tell his officials, remind them perhaps, that they didn't have to hire anybody at all. Now, why does that move the needle for you? That's just repeating a prior fact that was baked into their decision. It's not specific to any one applicant. I think it's reported in the complaint as double hearsay on information and belief, and not a particularly surprising reaction if they're looking for GS-14s and then they don't get any, and so they'll look at GS-13s just in case there's someone really outstanding. Well, Your Honor, I think all of those are completely reasonable questions to be asked and answered at the summary judgment stage. We're at the motion to dismiss stage. It's really, really early in the complaint. And as this court knows, and as Supreme Court has noted, direct evidence of discrimination under Title VII and direct evidence of retaliation under Title VII is really hard to see because, for obvious reasons, people tend not to put that right out there in the open, at least most of the time. And so before discovery, before plaintiffs have an opportunity to look behind the curtain to see what may have been said in private, in emails, or otherwise, or to depose individuals and see what they have to say about what may or may not have happened, it's just premature to be asking those evidentiary questions as opposed to accepting the allegations as true and drawing all reasonable inferences, such as the inference that perhaps Mr. McDermott was saying all of this with a wink and a nod as to Mr. Ho's prior complaints and perhaps not wanting to hire someone who has aggravated you and two other people on the selecting panel in the past. And I think all of those things, they may not ultimately be borne out, but at the complaint stage, at the motion to dismiss stage, Mr. Ho was certainly entitled for the district court to draw those inferences. The wink and a nod test really is not any longer alive. It may have been in years past, but I don't see the case law and motion to dismiss law being a wink and a nod because that would allow anyone to survive a motion to dismiss. Of course, we don't know whether they're winks and nods. You have to paint a scenario that plausibly suggests unlawful discrimination. District court is saying that that painting was not rendered here. You're right, your honor, that a plaintiff can't rely solely on an allegation of a wink and a nod, but that's not the complaint that we have here. The complaint also alleged involvement by these three officials in responding to Mr. Ho's prior complaints, both sitting for depositions, answering interrogatories, or in some cases, both. What does that tell me in terms of plausibility? What it helps the court do is look at the totality of the facts that are alleged and say, these officials were named in these complaints as being responsible in some way for retaliating against Mr. Ho in the past. It's quite possible that they expended a significant amount of time and energy responding to those complaints. It's fair to assume that someone might hold a grudge against a complainant who does something like that, especially repeatedly, as Mr. Ho has done. Don't you have to present something that suggests there might be a reason for a grudge, other than simply involving yourselves in managerial responsibilities or a selection process? The mere participation doesn't suggest you have a grudge. No, not necessarily. It doesn't necessarily suggest that they have a grudge, but together with the comment by Mr. McDermott, and that's the argument that we're making, is that the district court failed to look at the facts in their totality. Instead, the opinion dismissing the case picked facts one by one and may have explained why in the district court's view, each of those facts did not do enough to move to the line of plausibly inferring causation. But taken as a whole, at this early stage where the burden is so minimal to overcome a motion to dismiss in this context, the district court erred by not looking at the facts in their totality. One of those other facts that the district court highlighted was that Mr. Ho was later hired to at least somewhat similar GS-14 position in Oakland, and the district court said that against Mr. Ho. Do you have a contrary argument that that is actually a plus factor for you? Yes, I think though that fact could reasonably be inferred either against Mr. Ho or for him. At this stage, it probably should have been, it actually should have, as a matter of law, been inferred in his favor. If you had a separate set of hiring officials who looked at the same for a similar position and concluded, you know, he's qualified, we like him, we should hire him, he can do this task, that tends to show there may have been some other reason why he was not hired for this position. And it could be evidence of retaliatory animus and pretext. So in your theory, any one of this group, none of whom were select, any one of them had a viable claim of discrimination that would survive a motion to dismiss? No, not necessarily. We don't know any facts. What do you think distinguishes them from Mr. Ho? Well, two of those individuals had separate disqualifying factors, as the complaint alleges, so they would fail on another element of the claim in terms of being able to prove that they were qualified for the position they were seeking. So that would support a motion to dismiss or a motion for summary judgment, depending on when the government brought the motion. And then there may have been one other individual, the other individual, there were four individuals who had applied. Mr. Ho seemed to suggest in the complaint that that person had also raised prior complaints. It's feasible that that person may also be able to state a claim, but we certainly don't know, and I don't know from the record what that person's history is, what claims they may or may not have brought. But at least as the two of the individuals, they were disqualified based on outside reasons that weren't told to Mr. Ho and therefore aren't in the record, aren't in the complaint. Is there any particular case you would point us to as allowing a claim to proceed? Passed a motion to dismiss on similar facts, or do you think that this is just a unique case? I don't, I mean, I think this is not the ordinary case, but I don't think it's an entirely unique case. One case that does have similar facts, although not entirely on point, would be Bugsby Powell. That was a DDC decision, and there you had seven months elapsed between the protected activity and the non-selection. And there, what the court did was take a look at the facts as a whole and said, you know, it's noteworthy here that the supervisor who decided against selecting this applicant was also involved in an ongoing investigation and complaint by that same individual. You have something similar here. It's not entirely clear if the complaints were still ongoing or not from Mr. Ho's complaint, but you certainly have involvement by the same selecting officials, both at the stage of responding to the complaint and at the stage of the non-selection. And I think that differentiates this from a lot of other cases where all you have is, you have knowledge by the faceless employer, if you will, if it was ATF or the Department of Justice or some private employer company, because someone at the time of the complaint, when it was filed, versus here, what you have is the very specific individual human beings who were involved in the later selection and who, in Mr. McDermott's case, intervened to Mr. Ho's detriment to remind them they didn't have to pick anybody, who were also involved. Some points against this is that the temporal link really is not showing here, as is required by the non-selection. I don't know how you overcome that. That's facially clear. It is clear from the complaint that you have a 10-month gap between the protected activity and the non-selection, but the case law that suggests there's an outer bound limit, no bright line rule, but an outer bound limit, admittedly, of three to four months, those are cases where plaintiffs are relying on nothing other than temporal proximity. The case law also says there is only one way that you can prove causation. You can also prove causation through a combination of facts. You can certainly prove causation if there is at some point direct evidence, which we don't have in the complaint here. And here what you have is more than just Mr. Ho saying, I filed the complaint at X time and I was non-selected at Y time. You also have him alleging and repeating in his opposition to the motion to dismiss that he also alleged a clear timeline of involvement by the same individuals, both during the response to the complaint, involvement in responding to discovery, and then at the end, not selecting him or again, in Mr. McDermott's case, intervening though he was not part of the selecting panel. And so that is something more that points to why it's reasonable and plausible to infer that a causal link exists, notwithstanding the longer than normal passage of time, because it's not just ATF who knew he had 10 months earlier, you know, filed these complaints and then some other official deciding not to select him. It's the very same people at both stages. And that we argue is enough to infer a causal link, notwithstanding the longer passage of time. I thank you over your time, but we'll give you a moment. Thank you, Your Honor. Mr. Walker, good morning. Good morning. May it please the Court, Johnny Walker on behalf of the Attorney General. Your Honors, Mr. Ho's complaint failed to allege facts that would plausibly give rise to an inference of retaliation. Instead, what he describes is a routine personnel action that is free of any reasonable suspicion. Amica's focus is not on any action that occurred with respect to the decision makers on the interview panel or the personnel action itself, but with actions that he took. His filing of prior discrimination complaints and his involvement and direction of those discrimination complaints in some ways at some of the people on the interview panel. Now, those actions by Ho do not permit the Court to make a reasonable inference about the motivations and causation of actions by others. To conclude otherwise would be to assume effectively that any individual involved in any way in a retaliation complaint at any point in time will retaliate unlawfully against the individual. So are you disputing that it makes, it must at least make some difference right between the normal case where you've got a prior complaint that's about someone entirely different in the agency and this case where the prior complaint is about the decision maker, right? Shouldn't that at least count for something in terms of suspicion about whether there might be retaliation or the potential for retaliation going on? I don't think it counts at all when you come to the third element of a retaliation claim, the causation element, because that was a decision by Ho. That was an action undertaken by Ho. It does not reflect in any way on what motivated the individuals who were involved in the interview panel. In fact, one of the individuals, Mr. O'Keefe, who was involved on the interview panel, Mr. Ho alleges that he involved him in a discrimination complaint as early as 2015. And Mr. O'Keefe during that entire time period served as Mr. Ho's second-line supervisor, yet he is unable to present one allegation that at any point in those intervening four years did Mr. O'Keefe do anything to indicate that he harbored any retaliatory animus towards Mr. Ho. And he certainly doesn't indicate that Mr. O'Keefe did anything during the selection process that indicated that his decision in that selection process or his part in that decision was animated by retaliatory animus. He certainly does not have sort of direct evidence of hostility otherwise. But I guess my concern stems from the district court doesn't even mention this fact. And I might agree with Judge Walton's explanation and Buggs that it is just different if what you have is a decision maker who has been specifically targeted by this employee in the past. It has to at least count for something. It's not going to be sufficient on its own. It seems like a material difference from just being aware that this is someone who's filed a complaint against someone in a different division, you know, a couple months ago. And even that is enough to state a claim. I acknowledge that it's different, certainly, Your Honor, that this individual was involved. But I mean, again, Mr. Ho does not allege how the individual was involved. He just alleges that they were involved in some way. He doesn't allege that he actually accused those individuals of discrimination. And if you take a look at the other pending litigation in district court, Judge Sullivan wrote an opinion in which he sort of outlines the factual background of Mr. O'Keefe and Mr. McDermott's involvement in the 2015 discrimination complaint. And it's clear that Mr. Ho is not accusing them of any discrimination. I just had a question about some of the other allegations that the district court didn't address. And I want to hear your response to them. So it's sort of a constellation of other factors is that we have Mr. O'Keefe saying you are fully qualified and have all the requisite experience that's in the complaint. And the reason for denying him is a subjective reason. You didn't do well enough in the interview. Can't be checked. That's the kind of subjective explanation we've said in cases like Hamilton that we can be skeptical of. And he also alleges that there was a strong need to fill this position. So sort of putting those together, you might say you had an employer who really wanted to fill a position and he had before him a very qualified applicant, but ends up rejecting him for a subjective reason. And it just so happens he'd been previously targeted by this employee in protected activity. Is there another lot built into that? But none of those facts are addressed in the district court's opinion. I'm just wondering what your response to the various saying he's qualified, showing there was a need, and then denying on a subjective basis. I do have a couple of responses to that. And one has to look at the entire sort of selection process, which is sort of spelled out in Ho's complaint. There's an initial screening process that's conducted by human resources in which it determines which applicants are qualified for the position. That typically means that they are at the requisite GS level. They have the deemed Mr. Ho and three other applicants qualify for the position. I agree the HR statement doesn't count for much. I think it's O'Keefe's statements. That is a qualifications decision. And Mr. O'Keefe just said that they were qualified, which refers to the decision that was made by HR. After that HR screening decision for minimal qualifications, they then go on to the interview panel, which looks at the resume submitted, conducts an interview. And what Mr. O'Keefe said is that Mr. Ho and all four applicants were qualified. But following that interview, that Mr. Ho and one other applicant was deemed unsuitable for the position, and that two were disqualified by outside factors. Now, I want to note that this court sometimes deems shift explanations in an employer's reasons for rejecting an applicant to be circumstantial evidence for discrimination. But here, the exact opposite is true. Mr. Ho alleges his opposition to the government's dismiss that he later obtained the interview notes during the administrative process on his retaliation claim here. And those interview notes are entirely consistent with the explanation that Mr. O'Keefe gave to Mr. Ho following the selection process. I also want to address Your Honor's question about subjective reasons. And I don't think there's anything to suggest that Mr. O'Keefe provided Mr. Ho subjective reasons. Mr. Ho doesn't go into sort of a detailed explanation of precisely what the reasons out of coming out of the interview that he was deemed unsuitable for the position. It's just an allegation that he was deemed unsuitable. I don't think there's enough there to conclude that those reasons were purely subjective. If it's a reasonable inference from the complaint, that he wasn't left in the dark about why he wasn't selected. He was specifically told, you did really well on some questions, but not well enough on others. And so that's not enough. I mean, doesn't that sound subjective? No, Your Honor, it's entirely consistent. I mean, you would have to reach the conclusion, to have to reach the conclusion that it was subjective. You would need facts supporting that was in fact subjective. We don't have any facts alleged about what the questions were, what the content of the answers were, and what the detailed explanation, detailed reasons that Mr. Ho was deemed unsuitable were. And in the absence of those plausible factual content, or factual content, that's insufficient to deem the explanation subjective. I also want to get to the question of Mr. Ho's qualifications. While he alleges in a conclusory sense that he was qualified for the position, he hasn't explained why that was. There's no factual content about what the position required, and what specifically Mr. Ho had made him suitable for the position. And if you look at the resume that he submitted attached to his motion to dismiss, it doesn't really back up his assertion. It lists, it mentions the internet. I mean, he essentially says, this was in the Internet Investigation Center, I knew about the internet. But that resume shows only three, by my count, investigations that even mention internet. And they do so in a context, simply saying that those investigations involved firearms that were trafficked over the internet. They don't show that Mr. Ho actually used the internet as an investigative method. It sounds like you're asking for a lot more detail than we actually typically require of a complaint. You certainly need factual allegations. But for example, paragraph 26 says, O'Keefe stated he was aware that plaintiff has experience in conducting internet investigations. Elsewhere, it says he agreed he was qualified. So if you're sort of inferring that he didn't adequately show that he had all of the requisite experience for the position, that seems like that might be true. But it's certainly not. It is certainly still a reasonable inference that he had all that experience from the complaint, isn't it? I don't think you have the facts there. I mean, the mere assertion that he knew I had experience on the internet is insufficient, particularly in the absence of any allegations about what this position, even the duties that this position would even perform, or precisely what that experience was. That is insufficient. Just saying I had the experience requisite for the position is a conclusory statement. It seems to me you're really walking into summary judgment land. I'm surprised you're making this, because it's pretty straightforward in most of these cases. If a person is disqualified officially from a position, the employer instantly points to whatever it is. This job requires X. Look at what he's presented. He doesn't have X. That's not this record. You're taking us where a district court would go if there was a summary judgment motion that had to be sorted out. You're arguing that he's claiming he's qualified. They all do in these kinds of situations. Unless the employer comes in, no, look at the record. It's absolutely clear this person is not the kind of person we would hire for this job. And we have quite the contrary here. We have O'Keefe saying he was qualified. It's a strange argument. I mean, it looks like summary judgment when you argue the case this way. The argument I'm making, Judge Edwards, is that Mr. Ho must present facts at the motion-to-dismiss phase. Facts in his complaint that give rise to some... He said I'm qualified. That's conclusory. I mean, we need factual content to back that up. But there's nothing to indicate he's not qualified. And he has some things that at least facially suggest it's a plausible suggestion, including he passed the screening with HR and one of the supervisors said you're qualified and that's not refuted in any way. This is a strange weighing of the information. I'm not sure where you're going. You're making the motion to dismiss. The motion is tough enough nowadays. It seems to me you're adding something new that I've never seen before. What is he supposed to do? He says I'm qualified and a supervisor says I'm qualified and facially it looks like he probably is. And the employer offers nothing to suggest he's not qualified. They just say we don't want to hire. Yeah, I think you have to look at what the entire hiring process involved, though. Involve the basic... There's a number of ways that he can show in the complaint that there is some inference of causation, retaliatory causation involved in the hiring action. One of them would be to... He could argue about shifting explanations, statements made by these individuals. One would be to call into question the determination that he was not qualified, but simply saying I was qualified and they determined I wasn't. They didn't determine he wasn't qualified. They said you didn't answer some of the interview questions well enough. I think the similar dynamic is going on with this hiring in the Oakland office, right? The Oakland office, he is promoted as a GS-14 supervisory official. Now, at summary judgment, you may come in and be able to show that is a totally different job with all kinds of different responsibilities, but he's alleged and it is not conclusory. Once I was not at the whim of the people I had complained about in the past, I was promptly promoted to a similar position. And it seems like to demand more than that is asking for summary judgment type evidence. So there's the methodological question, but it was really striking to me the district court somehow construed that as a fact against Mr. Ho. The point is, his allegation is that these people, O'Keefe, was biased against him. Once he wasn't under O'Keefe, he applied for a similar job and he got it. Your Honor, we don't argue that that is against Ho, but it is certainly not a fact for Ho. He does not make the connection that you're making, which is that that is a similar position requiring similar qualifications. If he was going to use that position, that matters. It's a GS-14. It's in the title that it's supervisory. Your Honor, this court said in Atherton that the obligation of pro se plaintiffs is unchanged. They must allege plausible facts supporting a plausible claim for relief. If he was going to make the connection with that promotion, which he doesn't even argue in that He provides that promotion in background information in his opposition to the motion to dismiss. If he was going to make that argument that that promotion is somehow inconsistent with his non-selection for the Internet Investigation Center position, he would have to set forth the facts plausibly supporting that inference. He hasn't even attempted to make that argument. The final fact that I was just curious in your response to is, is Adam D. It's in the opposition to the motion to dismiss, but as Amicus hinted, it turns out that not just Mr. Ho, but the only qualified applicant for this position that they wanted to fill was denied for the same reason. And it just turns out that he had also engaged in protected activity against these individuals. Is that, surely not dispositive, but explain to me why that shouldn't at least count for something. If the question here is, is there some fact in the complaint that indicates these decision makers had a bias against people engaging in protected activity? Because again, all the assertions about Mr., about Adam, um, are that he engaged in protected activity. That's again, only things that Adam undertook. There's nothing that these actual decision makers manifested themselves, either during the hiring process or at any other time that indicated a retaliatory animus against Mr. Ho or Adam or anyone else. I will note that Mr. Ho points to a Seventh Circuit docket for Adam's protected activity. And if you examine that docket, it's clear that Mr., uh, or Adam's protected activity is not Title VII protected activity. It's, it's whistleblower activity. Okay. Uh, thank you, counsel. Thank you. Please affirm. Give you two minutes. Thank you, your honors. Uh, I'd just like to touch on a few things, uh, that my friend on the other side said. First, it struck me as odd that, uh, the government is making the argument that this somehow didn't involve actions by, uh, selecting officials and somehow that relieves them of the burden not to retaliate against individuals. It, it's definitely true that Mr. Ho is the one who applied for a position. That's how job applications work, unless you're lucky enough to get headhunted. But that doesn't mean that an eventual non-selection couldn't be a retaliatory act. So I just wanted to, to note that. Um, the second thing I wanted to note is as some of the argument has indicated, this is not an appropriate case for dismissal at the motion to dismiss stage. There's a lot of questions about facts and what was and wasn't happening, what the animus of a particular individual may have been, whether people were has concluded. And of course the district court is well within its discretion to appropriately cabin discovery. If there are threshold questions that need to be answered and if they're answered one way or another, it's quite possible the government may succeed on a quick motion for summary judgment. But those are all factual evidentiary questions that need to be resolved at a later stage. And this certainly isn't a case that was fit for dismissal with prejudice. So pro se plaintiff who yes, has the same legal burden in terms of alleging a plausible complaint, but the district court was still duty bound to read the complaint as liberally as possible without making specific legal arguments for plaintiff. And the court did not do that here. Instead, the court seemed to pick and choose specific facts and weigh them perhaps fairly, not against Mr. Ho when there were similarly reasonable inferences that could have been drawn in his favor. Looking at the factual allegations as a whole, this was a complaint that plausibly alleged retaliation under title seven. It should not have been dismissed. It should have been allowed to go to discovery, but at a minimum, Mr. Ho should be able to go back and replete his complaint with greater specificity. Did you ask for dismissal without prejudice as a fallback? I don't know for sure, your honor, if it was a argument made in the initial brief, I'll be completely clear. But it certainly was mentioned in the reply brief that this was not a case that should have been. I don't know if Mr. Ho argued it before the district court, but we were assigned on appeals. So we weren't, we weren't trial counsel. Okay. Do you acknowledge that an employer can permissibly say you weren't hired because we weren't impressed during the interview? Yes. Entirely permissible. Do they have to somehow present objective type evidence to prove the point? What can they say? We interviewed and we weren't impressed. Once we're talking about an evidentiary standard at the motion to dismiss stage, not necessarily, sorry, at a motion for summary judgment stage, not necessarily. If that's all you have to say and there's nothing more you need to do to amplify it, the employer said that. Why should I doubt that? Whose burden is it now? If the employer can offer that as a reason and need not say anything more, I didn't do it for me in the interview. And the employer has to say more. I thought you were saying the employer does not have to say anything. No, an employer can permissibly choose not to hire someone for subjective reasons such as they weren't impressive enough in an interview. Right. But to the extent that evidence shows that was pretextual, they have to explain why it's not. The lack of a temporal connection? We actually don't have any evidence at this stage. But you have to assert something, don't you, in your to survive a motion to dismiss? Yes. That would cause us to think you might be able to overcome it if we let you go back. In other words, you had a real problem with the lack of the temporal link. And now the employer comes in and says, I wasn't impressed in the interview. No one's contesting that. What more does the employer have to say? I think one, your honor, the temporal link is not as much of a problem in this case because you have the added facts of the involvement of the same individuals at the earlier stage and at the non-selection stage. The three to four month outer bound cases involve cases where complainants are alleging retaliation based on nothing more than temporal proximity. But the case law, both in this court and in the district courts in the other ways to plead causation. And Mr. Ho did that here because he pled the additional facts of involvement of Mr. McDermott, Mr. O'Keefe, and the one other individual who's involved in selection, both at the stage of responding to his initial protected activity in those complaints and being named in those complaints multiple times and in his ultimate non-selection. That's, for lack of a better term, a plus fact in addition to just saying, all right, this is the time. I may be beating a dead horse, but I just, I'm curious to know your answer. If it goes back on summary judgment, what would the employer in this circumstance be required to say other than what the employer said? You weren't impressed during the interview. Yeah, I know. We were involved previously. We had not been engaged with Guy for 10 months. We did, there were no interactions, nothing whatsoever. We had this arrangement. He interviewed, he didn't impress us. And that's that. I think at motion for summary judgment, if that's all the evidence shows after discovery has concluded, the employer will rightfully succeed at summary judgment. But we don't know that that's all that discovery will show. It's entirely possible that once Mr. Ho has the ability to seek discovery, he could discover internal communications about him. He could discover emails about him. He could discover you know, messages between the individuals on the selecting panel discussing that, you know, he might be a borderline case, but he's also a real pain because he keeps suing us. All right. I was just curious as to how you were thinking it through. Thank you, counsel. Mr. Ali, this court appointed your firm as an amicus to help us work through issues in the case by representing Mr. Ho's side of the case. And we thank you for your very able assistance. Thank you. Case is submitted.
judges: Katsas, Garcia, Edwards